IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION JAMAL BISHOP, | No. C 10-03811 JW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| DEBORAH MADDEN, et al., | |
| Defendants. | |

Plaintiff, a California inmate at San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order. The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief

may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.   Plaintiff's Claims

Plaintiff claims that defendant George Gascon, Chief of the San Francisco Police Department, "knowingly employed [defendant] Deborah Madden, although she had a criminal history and allowed her to continue working in San Francisco Drug Crime [Laboratory] after complaints of drug use/theft." (Compl. at 3.)  Plaintiff claims that District Attorney Kamalah Harris "willfully and knowingly allowed her office to prosecute cases... that came through an 'unaccredited drug [laboratory].'" (Id.)  Lastly, plaintiff alleges that defendant Madden "worked on [and] testified in and tainted countless cases/evidence while under the umbrella employment of S.F.P.D., all while stealing/using drugs, and recklessly damaging lives." (Id.)

These allegations are insufficient to state a claim as plaintiff fails to identify how these defendant violated plaintiff's constitutional rights.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.

Id.  Here, plaintiff fails to state how each defendant acted under the color of state law to violate plaintiff's rights.  Accordingly, all claims against these defendants are DISMISSED with leave to amend, for plaintiff to attempt to allege cognizable claims against them in accordance with Leer, 844 F.2d at 633-34.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend, as discussed above.  Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 10-03811 JW ( PR).  **Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original complaint by reference.**

2. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The clerk shall enclose two copies of the court's form complaint with a copy of this order to plaintiff.

DATED:  January 24, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARLON JAMAL BISHOP,

        Plaintiff,

  v.

DEBORAH MADDEN, et al.,

        Defendants.

Case Number: CV10-03811 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/31/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marlon Jamal Bishop AC8786
San Quentin State Prison
San Quentin, CA 94974

Dated: 1/31/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk